UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNICE ALTAGRACIA POLANCO,

                               Plaintiff,          Case # 18-CV-6103-FPG

v.                                                   DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.
_____

## INTRODUCTION

On May 21, 2014, Plaintiff Bernice Altagracia Polanco applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the Act). Tr.[1] 54. After her claims were initially denied, she testified at a video hearing before Administrative Law Judge William M. Manico (the ALJ) on December 2, 2016. *Id.* The ALJ issued a decision finding Plaintiff not disabled on April 5, 2017. Tr. 54-72. Plaintiff appealed the ALJ's decision to the Appeals Council (AC) and supplied it with additional evidence not reviewed by the ALJ. *See* Tr. 1-4. On December 4, 2017, the Appeals Council issued a notice stating that it had reviewed the new evidence, the evidence would not have altered the ALJ's decision, and it declined to review the ALJ's decision, thereby rendering it the Commissioner's final decision. *Id.*

Plaintiff brings this appeal seeking review of that decision.[2] ECF No. 1. Both parties moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 14. For the following reasons, the Commissioner's motion is DENIED and Plaintiff's motion is GRANTED.

---

[1] "Tr." refers to the administrative record in this matter.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

## LEGAL STANDARD

"In reviewing a final decision of the SSA, this Court is limited to determining whether the [Commissioner]'s conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). Under the Act, the Commissioner's decision is incontrovertible if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

## DISCUSSION

Plaintiff argues, in part, that the AC erred by not considering new evidence Plaintiff submitted to it. ECF No. 12-1 at 22-26. The Court agrees.[3]

Under the Social Security Administration's regulations, the AC must consider evidence submitted to it if the evidence "is new, material, . . . relates to the period on or before" the ALJ's decision, and demonstrates a "reasonable probability that [it] would change the outcome" of the ALJ's decision. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).

Evidence is deemed new when the ALJ did not consider it in making his decision, and it is not cumulative of materials already in the record. *DelValle v. Apfel*, 97 F. Supp. 2d 215, 222 (D. Conn. 1999) (citations omitted). It is material when it is both relevant to a claimant's condition "during the time period for which benefits were denied and probative." *Polanco v. Comm'r of Soc. Sec.*, 304 F. Supp. 3d 345, 359 (S.D.N.Y. 2018) (quoting *Tirado v. Bowen*, 842 F.2d 595, 597

---

[3] Plaintiff makes another argument the Court does not consider.

(2d Cir. 1988)). And, finally, there is a reasonable probability it would have altered the ALJ's decision when it undermines a conclusion on which the ALJ's decision rests. *Stepp v. Colvin*, 795 F.3d 711, 725-26 (7th Cir. 2015).

Here, the evidence Plaintiff submitted to the AC—records from Tulio Ortega, M.D., dated May 7, 2015, through and including March 3, 2017—meets all three requirements. First, it is undeniably new. The ALJ did not consider it even though the records predated his decision. Additionally, it is not cumulative of evidence already in the record; it shows that Plaintiff was experiencing symptoms of psychosis. The ALJ concluded that there was "little evidence" that Plaintiff was experiencing such symptoms. Tr. 69. The new evidence shows that Dr. Ortega repeatedly found Plaintiff was experiencing paranoia, Tr. 18, 21-22, 27, auditory and visual hallucinations, Tr. 21, 27, 30, 33-34, 40, and exhibiting signs and symptoms of psychosis, Tr. 27, 30.

Second, the evidence is material. It relates and is relevant to the time period at issue—July 17, 2012, to the date of the ALJ's decision, April 5, 2017—and it is probative of the psychotic features associated with Plaintiff's depression and anxiety.

Finally, the evidence undermines two key conclusions by the ALJ. The Court has already mentioned one: the ALJ found "little evidence" of psychosis despite a diagnosis of depression with psychotic features by Beatrice Deshommes, M.D. Tr. 69 (citing Tr. 760). The ALJ also found Dr. Deshommes's diagnosis to be unpersuasive because she is not a mental health specialist.

The new evidence contradicts both conclusions. Dr. Ortega consistently diagnosed Plaintiff with severe, major depressive disorder with psychotic features and noted the specific symptoms of psychosis Plaintiff exhibited over 22 months of treatment. Tr. 18-41. Additionally, Dr. Ortega is a specialist in psychiatry and neurology.

3

The Commissioner counters with three arguments, none of which undercut the Court's conclusion. First, she notes that Dr. Ortega was "less suspicious" of Plaintiff's psychotic features in June 2015. ECF No. 14-1 at 13 (citing Tr. 767). While true, Dr. Ortega made that statement at the beginning of his course of treatment with Plaintiff and before he repeatedly diagnosed her with symptoms of psychosis. Second, the Commissioner argues that neither Dr. Deshommes nor David Comisar, licensed clinical social worker, included findings of psychosis symptoms in their mental status examination findings. This is also true, but it underscores why Dr. Ortega's notes are not cumulative and undermine the ALJ's conclusions. Finally, the Commissioner argues that Dr. Ortega's notes do not include findings of psychotic symptoms. That conclusion is inaccurate. During his exams, Dr. Ortega repeatedly found that Plaintiff experienced auditory and visual hallucinations. *E.g.*, Tr. 30 ("I feel that somebody is watching me and following me."), 33 ("I am not hearing those voices anymore, but I am still seeing shadows, and I feel that somebody is still watching me when I go to bed."), 40 ("I feel that somebody is watching me when I go to bed."). What's more, Dr. Ortega's diagnosis of Plaintiff throughout the entirety of his treatment included major depressive disorder *with psychotic features*. Tr. 19, 22, 25, 28, 31, 34, 37, 41.

Because those arguments fail and the AC committed legal error in not considering the new evidence Plaintiff submitted to it, the Court must remand this case for further proceedings. *McIntire v. Astrue*, 809 F. Supp. 2d 13, 21 (D. Conn. 2010) (finding that, when the AC fails to "consider new and material evidence . . . , the proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence."(citation omitted)). The Commissioner is directed to consider Dr. Ortega's medical records documenting Plaintiff's mental health condition on remand.

4

## CONCLUSION

For the foregoing reasons, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 14, is DENIED, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 12, is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 31, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court